**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| _____ | ) | |
| TURNER CONSTRUCTION | ) | |
| COMPANY, | ) | |
|  | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-02549-LKG |
|  | ) | |
| v. | ) | Dated:  June 22, 2022 |
|  | ) | |
| NORTH AMERICAN SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
|  | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION AND ORDER

### I.      INTRODUCTION

In this breach of contract action, plaintiff Turner Construction Company ("Turner") alleges that defendant North American Specialty Insurance Company ("NASIC") breached its obligations under a performance bond (the "Performance Bond").  *See generally* Compl., ECF No. 1.  NASIC has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  Def. Mot., ECF No. 7; Def. Mem., ECF No 7-1.  Alternatively, NASIC requests that the Court stay this matter pending mandatory mediation.  Def. Mem. at 8-11.  The motions are fully briefed.  Pl. Resp., ECF No. 9; Def. Reply, ECF No. 10.  No hearing is necessary to resolve these motions. *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court:  (1) **DENIES** NASIC's motion to stay; (2) **DENIES** without prejudice NASIC's motion to dismiss and (3) **DIRECTS** Turner to file an amended complaint.

### II.      FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A.      Factual Background

As background, Turner is a construction company headquartered in New York.  Compl.

_____

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.");

at ¶ 2.  NASIC is a New Hampshire-based insurance company.  *Id.* at ¶ 3.

Turner alleges that NASIC breached its obligations under Performance Bond No. 225377, which NASIC issued on behalf of its principal, Doyle Dickerson Terrazzo ("DDT").  *See id.* at ¶¶ 7-9; *see also* Compl. Ex. 1 (Performance Bond).  Turner had engaged DDT to perform work under a subcontract dated November 20, 2017 (the "Subcontract"), pursuant to which DDT was to install terrazzo flooring for Turner on a project at the United States Naval Academy located in Annapolis, Maryland.  Compl. at ¶¶ 6-7.

The Performance Bond contains a clause outlining NASIC's obligations in the event of a default by DDT.  Compl. Ex. 1 at 1-2.  In this regard, the Performance Bond provides that:

> Whenever Principal shall be and declared by Obligee to be in default under the Subcontract, Obligee having performed Obligee's obligations thereunder, the Surety may promptly remedy the default, or shall promptly:
>
> > 1) Complete the Subcontract in accordance with its terms and conditions; or
> >
> > 2) Obtain a bid or bids for completing the Subcontract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or if Obligee elects, upon determination by Obligee and the Surety jointly of the lowest responsible bidder, arrange for a subcontract between such bidder and Obligee, and make available as Subcontract Work progresses (even though there should be a default or a succession of defaults under the subcontract or subcontracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion . . . .

*Id.*

In addition, Article XVIII of the Subcontract contains a clause entitled "Disputes," which provides as follows:

> The parties recognize that problems and disputes between them may occur and that it is preferable for them to reach an amicable resolution of same without the need to resort to formal dispute resolution procedures.  In that regard, they each pledge to participate in good faith in voluntary and non-binding Alternate Dispute Resolution (ADR) procedures in the form of a mediation conducted by a neutral mediator, or such other form as the parties otherwise agree, as a condition precedent to addressing the dispute in any

_____

defendant's motion to dismiss ("Def. Mot."); and the memorandum in support thereof ("Def. Mem.").

other forum *unless Contractor agrees in writing to waive this condition precedent*.

Def. Mot. Ex. B at 9 (Subcontract) (emphasis added).

Turner alleges that NASIC breached its obligations under the Performance Bond by failing to guarantee DDT's performance in accordance with NASIC's obligations under the Performance Bond.  Compl. at ¶¶ 12, 16.  Turner also alleges that it informed NASIC of the alleged breach on multiple occasions, including in a letter dated May 26, 2021.  *Id.* at ¶¶ 13-14.  And so, Turner alleges that it has incurred, and will continue to incur, monetary and other damages as a result of NASIC's alleged breach.  *Id.* at ¶¶ 16, 21.

### B.    Procedural Background

Turner commenced this action on October 5, 2021.  Compl.  On November 30, 2021, NASIC filed a motion to dismiss for failure to state a claim, or, alternatively, to stay this matter pending mediation.  Def. Mot.; Def. Mem.  Turner filed a response in opposition to NASIC's motions on December 14, 2021.  Pl. Resp.  NASIC filed a reply in support of its motions on December 29, 2021.  Def. Reply.

NASIC's motions having been fully briefed, the Court resolves the pending motions.

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  *Nemet Chevrolet*, 591

F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim, if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co*., 492 U.S. 229, 249-50 (1989)).

### B.      Breach Of Contract Claims

Under Maryland law, the elements of a breach of contract claim include:  (1) a contractual obligation and (2) a material breach of that obligation.  *Allstate Ins. Co. v. Warns*, No. 11-1846, 2012 WL 681792, at *10 (D. Md. Feb. 29, 2012) (citing *Taylor v. NationsBank, N.A*., 776 A.2d 645, 651 (Md. 2001)).  And so, a plaintiff must plead that there existed a "contractual obligation, breach, and damages" to state a plausible breach of contract claim.  *Class Produce Grp., L.L.C. v. Harleysville Worcester Ins. Co*., No. 16-3431, 2018 WL 1471682, at *8 (D. Md. Mar. 23, 2018) (citations omitted).  Where the language of a contract is unambiguous, the Court construes the contract based upon its plain language.  *Leitner-Wise v. LWRC Int'l, L.L.C.,* No. 16-2430, 2017 WL 785651, at *7 (D. Md. Feb. 28, 2017) (citation omitted) (The Court must "construe a document according to its plain terms if it is clear and unambiguous on its face," without looking for meaning "beyond the instrument itself."), *aff'd*, 711 F. App'x 646 (Fed. Cir. 2018).

## IV.    LEGAL ANALYSIS

NASIC has moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that:  (1) Turner alleges mere legal conclusions in the complaint and (2) Turner fails to state a plausible breach of contract claim based upon the Performance Bond.  Def. Mem. at 6-8. Alternatively, Turner requests that the Court stay this case, because the Subcontract requires that the parties mediate this dispute before Turner may bring this action.  *Id*. at 8-11.

Turner counters that it alleges plausible breach of contract claims in the complaint and that it has no obligation to participate in mediation before commencing this litigation.  Pl. Resp. at 2-6.  And so, Turner requests that the Court deny NASIC's motions.  *Id.* at 6.

For the reasons that follow, the plain language of the Subcontract shows that Turner is not obligated to mediate this dispute before commencing this litigation.  But, a careful reading of the complaint makes clear that the complaint lacks sufficient factual detail regarding how

NASIC allegedly breached the Performance Bond, to plausibly allege a breach of contract claim in this case.  Turner must address this deficiency to proceed with this litigation.  And so, the Court:  (1) **DENIES** NASIC's motion to stay; (2) **DENIES** without prejudice NASIC's motion to dismiss; and (3) **DIRECTS** Turner to file an amended complaint.

### A.    A Stay Of This Case Is Not Warranted

As an initial matter, a stay of this litigation is unwarranted.  NASIC seeks to stay this case, because it believes that the Subcontract requires that the parties participate in mandatory mediation before Turner may bring this action, unless both parties agree to waive this requirement.  Def. Mem. at 9-11.  But, a careful reading of the relevant language in the Subcontract shows that Turner may unilaterally waive the requirement to mediate this dispute.

Specifically, the Disputes clause of the Subcontract provides, in relevant part, that:

> The parties . . . pledge to participate in good faith in voluntary and non-binding Alternate Dispute Resolution (ADR) procedures in the form of a mediation conducted by a neutral mediator, or such other form as the parties otherwise agree, as a condition precedent to addressing the dispute in any other forum *unless Contractor agrees in writing to waive this condition precedent.*

Def. Mot. Ex. B at 9 (Subcontract) (emphasis added).  The Court reads this language to require that the parties mediate this dispute "*unless [the] Contractor agrees in writing to waive this condition precedent.*"  *See id.* (emphasis added).  It is undisputed that Turner is the Contractor under the Subcontract.  Pl. Resp. at 5; *see generally* Def. Mem.  And so, Turner has the option to unilaterally waive the requirement that the parties mediate this dispute under the Subcontract's plain terms.  *See Leitner-Wise*, WL 785651, at *7 (The Court must "construe a document according to its plain terms if it is clear and unambiguous on its face."); *see also* Def. Mem. at 9; Pl. Resp. at 5 (showing that the parties do not dispute that these terms are unambiguous).

There is no dispute in this case that Turner availed itself of this option, by informing NASIC in writing that Turner elects to "waive the mediation and just proceed with the pending litigation" on November 15, 2021.  Def. Mot. Ex. C.  Because Turner has done so, it is not required to first mediate this breach of contract dispute before commencing this litigation.  And so, the Court declines to stay this case.

**B.      The Complaint Lacks Sufficient Detail Regarding NASIC's Alleged Breach**

While a stay of this case is unwarranted, NASIC persuasively argues that the complaint lacks sufficient detail to plausibly allege a breach of contract claim based upon the Performance Bond.  *See* Def. Mem. at 6-8.  To state a plausible breach of contract claim in this case, Turner must plead the existence of  a "contractual obligation, breach, and damages."  *Class Produce Grp.*, 2018 WL 1471682, at *8 (citations omitted).  But, a careful reading of the complaint shows that Turner has not provided sufficient detail about how NASIC allegedly breached the Performance Bond and Subcontract in the complaint.

In this regard, Turner broadly alleges in the complaint that NASIC "failed to honor its obligations under the Performance Bond" and the Subcontract by failing to guarantee DDT's performance.   Compl. at ¶¶ 15-16.  But, the complaint lacks factual detail regarding *what* obligation(s) NASIC failed to honor under the Performance Bond and the Subcontract and *how* NASIC failed to guarantee DDT's performance.  *See generally id.*

Notably, the Performance Bond provides that, upon a default by DDT, NASIC may cure the default, or NASIC shall either promptly:  (1) "[c]omplete the Subcontract in accordance with its terms and conditions," or (2) "[o]btain a bid or bids for completing the Subcontract in accordance with its terms and conditions."  Compl. Ex. 1 at 1-2.  But, the complaint does not state which of these obligations NASIC allegedly failed to fulfill in this case.  *See generally* Compl.

Given this, neither NASIC nor the Court knows what obligations NASIC allegedly failed to satisfy under the Performance Bond and Subcontract, nor how NASIC allegedly breached the Performance Bond and the Subcontract.  Without more factual detail, the complaint fails to state a plausible claim for breach of contract.  Fed. R. Civ P. 12(b)(6).

Because this case is in its early stages, Turner may be able to address these deficiencies by amending the complaint without prejudicing NASIC.  And so, the Court DENIES NASIC's motion to dismiss without prejudice and DIRECTS Turner to file an amended complaint, which shall contain additional facts to explain:  (1) what obligation(s) NASIC failed to honor under the Performance Bond and the Subcontract and (2) how NASIC failed to guarantee DDT's performance.

## V.    CONCLUSION

In sum, the Subcontract does not require that Turner mediate this dispute before commencing this civil action.  But, Turner does not provide sufficient factual detail in the complaint about how NASIC allegedly breached the Performance Bond and the Subcontract to state a plausible breach of contract claim.  And so, for the foregoing reasons, the Court:

1.  **DENIES** NASIC's motion to stay;

2.  **DENIES** without prejudice NASIC's motion to dismiss; and

3.  **DIRECTS** Turner to file an amended complaint that contains additional facts to explain:  (a) what obligation(s) NASIC failed to honor under the Performance Bond and the Subcontract; and (b) how NASIC failed to guarantee DDT's performance.

Turner's failure to address these deficiencies will result in the dismissal of this case for the reasons stated in this Memorandum Opinion and Order, pursuant to Fed. R. Civ. P. 12(b)(6).  NASIC may renew its motion to dismiss if it determines that any amended complaint fails to state a claim.

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

7