UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| TURNER CONSTRUCTION COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-2549 |
| ) | |
| NORTH AMERICAN SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# FIRST AMENDED COMPLAINT

Turner Construction Company ("Turner"), by counsel, and pursuant to the Court's Order dated June 22, 2022 (Dkt. 16), files its First Amended Complaint against North American Specialty Insurance Company ("NASIC").

## NATURE OF THE LAWSUIT

1. This is an action to recover for NASIC's material breach of its obligations on a performance bond upon default of the performance bond principal.

## PARTIES

2. Turner is a construction company incorporated in New York with its principal office in New York, New York.

3. NASIC is a New Hampshire corporation with its principal office in Manchester, New Hampshire.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

5.      Venue is proper under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims at issue in this case took place in this judicial district.

## FACTS

6.      Turner, as general contractor, entered into a prime contract with the United States Navy ("Government"), as owner, to perform construction work on the NAVFAC-P621 Cyber Security Studies Project at the United States Naval Academy in Annapolis, Maryland ("Project").

7.      Turner and Doyle Dickerson Terrazzo ("DDT") entered into a subcontract in which DDT agreed to perform certain flooring work on the Project ("Subcontract").

8.      NASIC as surety with DDT as principal and in favor of Turner as obligee, issued performance bond no. 225377 ("Performance Bond").  A true and correct copy of the Performance Bond is attached hereto as Exhibit 1.

9.      In the Performance Bond, NASIC guaranteed DDT's performance under the Subcontract up to a penal sum of $750,480.  Ex. 1 (Performance Bond) at 1 (stating that DDT and NASIC "are held and firmly bound unto Turner" for the Penal Sum of the Performance bond "for the payment whereof the Principal and Surety bind themselves, and their respective heirs, administrators, successors and assigns, jointly and severally, firmly by these presents).

10.     The terms of the Subcontract are expressly incorporated into the Performance Bond by reference.  Ex. 1 (Performance Bond) at 1 (noting that the "Subcontract is by reference made a part hereof.").

11.     In the Performance Bond, NASIC agreed, in the event of a default by DDT, in relevant part, to the following:

> Whenever Principal [DDT] shall be and declared by Obligee [Turner] to be un default under the Subcontract, Obligee having performed Obligee's obligations hereunder, the Surety [NASIC] may promptly remedy the default, **or shall promptly**:

2

> 1) Complete the Subcontract in accordance with its terms and conditions; or
>
> 2) Obtain a bid or bids for completing the Subcontract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or if Obligee elects, upon determination by Obligee and the Surety jointly of the lowest responsible bidder, arrange for a subcontract between such bidder and Obligee, and make available as Subcontract Work progresses (even though there should be a default or a succession of defaults under the subcontract or subcontracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the Subcontract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the Penal Sum hereof.  The term 'balance of the Subcontract price,' as used in this paragraph, shall mean the total amount payable by Obligee to Principal under the Subcontract and any amendments thereto, less the amount properly paid by Obligee to Principal.

Ex. 1 (Performance Bond) at 1-2 (emphasis added).

12. DDT defaulted on the Subcontract by, among other things, failing to timely and adequately complete and/or repair its work, despite repeated notices and requests from Turner.

13. On or about July 27, 2020, Turner placed DDT in default under the Subcontract related to DDT's failure to perform and complete its work in accordance with the Subcontract. DDT never cured its default.

14. Turner notified NASIC of DDT's default on multiple occasions, including notices, meetings, and other communications.  In response to these notices, NASIC failed to "[c]omplete the Subcontract in accordance with its terms and conditions" or to "[o]btain a bid or bids for completing the Subcontract in accordance with its terms and conditions," despite the requirement in the Performance Bond that NASIC take such actions "promptly" upon Turner declaring DDT in default. Ex. 1 (Performance Bond) at 1-2.

15. As a result of NASIC's failure to comply with the Performance Bond, Turner had no choice but to engage other subcontractors to complete DDT's remaining work, at its own cost.

16. In a letter dated May 26, 2021, Turner again notified NASIC of DDT's breaches, provided an accounting of Turner's damages, and demanded reimbursement of Turner's costs and expenses resulting from curing DDT's default. That letter stated, in relevant part:

> As you are aware, Doyle Dickerson Terrazzo, Inc. continues to fail to provide adequate resources to complete the work of this contract (Subcontract Agreement #4700095448 between Turner Construction Company and Doyle Dickerson Terrazzo, Inc.). Despite many notices, conversations, texts, site visits, meetings, etc. to/with Doyle Dickerson AND North American Specialty Insurance Company regarding this remaining work over the past several months, and commitments by Doyle Dickerson to complete the work, it remains clear that Doyle Dickerson is either unable or unwilling to complete the work.

To date, NASIC has failed and refused to pay those amounts to Turner.

17. To date, NASIC has failed to honor its obligations under the Performance Bond, including those obligations imposed on NASIC by the Subcontract, which the Performance Bond incorporates by reference.

18. As a result of DDT's failure to perform its work in accordance with the terms of the Subcontract and NASIC's failure to complete and/or repair that work and/or to guarantee such performance in accordance with its obligations under the Performance Bond, Turner has incurred damages in the amount of $466,620, and will continue to incur damages, including mitigation, completion, correction, administrative, overhead, and other costs, plus interest and attorneys' fees.

19. DDT and NASIC are jointly and severally liable under the Performance Bond to Turner for the damages incurred.

20. Turner has performed all the terms and conditions required of it under the Subcontract and Performance Bond and/or is otherwise excused from its performance obligations because of DDT's breaches of its obligations to Turner and/or NASIC's breaches of its obligations to Turner.

21. NASIC's failure to perform its obligations under the Performance Bond to complete the Subcontract work or obtain bids for the completion of that work constitutes a material breach of the Performance Bond.

22. NASIC's failure to reimburse Turner for the costs resulting from Turner's completing DDT's work is a material breach of NASIC's obligation under the Performance Bond to guarantee DDT's performance.

23. NASIC's failure and refusal to perform its obligations under the Performance Bond constitutes a breach of its duty of good faith and fair dealing.

24. As a result of NASIC's breach of the Performance Bond, Turner has suffered, and will suffer, damages.

25. Turner is entitled to an award of interest, costs, and attorneys' fees against NASIC.

WHEREFORE, Turner demands judgment in its favor and against NASIC in excess of $75,000, in an amount to be proven at trial, for all damages, costs, and expenses, plus interest and attorneys' fees, incurred by Turner as a result of NASIC's breach of the Performance Bond, and for such further and different relief as the Court deems just and proper.

Date: July 1, 2022                                          Respectfully Submitted,


                                                            /s/ Amy E. Garber
                                                            Eric A. Frechtel (Bar No. 24945)
                                                            Amy E. Garber (Bar No. 18807)
                                                            Bradley Arant Boult Cummings LLP
                                                            1615 L Street, NW, Suite 1350
                                                            Washington, DC 20036
                                                            Telephone: (202) 719-8249
                                                            Facsimile: (202) 719-8349
                                                            Email:  efrechtel@bradley.com
                                                                    agarber@bradley.com

                                                            *Counsel for Plaintiff*
                                                            *Turner Construction Company*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July 2022, a true and correct copy of the foregoing was sent by first-class mail, postage prepaid, and a courtesy copy delivered via electronic mail to:

>Jonathan R. Wright
>1765 Greensboro Station Place, Suite 1000
>McLean, Virginia 22102
>Tel: (703) 749-1000
>Fax: (703) 893-8029
>jwright@watttieder.com
>
>*Counsel for Defendant*
>*North American Specialty Insurance Company*

>*/s/ Amy E. Garber*
>Amy E. Garber